# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAUL BRACERO,**
              **Plaintiff,**

**-vs-**                                               **Case No. 6:06-cv-632-Orl-28DAB**

**JIM PALMER,**
**JOHN ARGENTIERI,**
**J.P.A. ENTERPRISES, LLC,**
              **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration following a fairness hearing with respect to a settlement reached by the parties in this Fair Labor Standards Act case.

      In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

      The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit

brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held on September 8, 2006, with counsel for both parties participating. Plaintiff's counsel appeared by telephone and indicating that Plaintiff understood and accepted the settlement. Based on the representations of counsel at the hearing and the answers to Court Interrogatories, it appears that Plaintiff was employed by Defendant as a store manager from 12/4/04 to 2/26/06. Initially, damages of approximately $1,563.12 (plus a like amount for liquidated damages) were claimed, for alleged unpaid overtime, with $440.00 in unpaid wages (deductions owed). Defendant asserted that it was not liable for overtime, as Plaintiff was an exempt managerial employee, and denied that any additional wages were due. Following limited discovery, Plaintiff's counsel determined that the defense to the claim would likely be persuasive. The settlement to Plaintiff of $400.00 is a reflection of the difficulties of proof Plaintiff faced, should he proceed to trial, and makes allowances for the inherent difficulties and costs of a trial. The parties have agreed that Defendant will pay Plaintiff's attorneys $2,100 in attorney's fees and costs, which the Court finds, is not unreasonable under the circumstances of this case.

Settlement in the total amount of $2,500.00 ($400 for Plaintiff and $2,100 in attorney's fees and cost) is a fair and reasonable settlement. It is **recommended** that the settlement be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. If adopted by the Court, the Clerk is directed to dismiss the action and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 17, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy